IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KATHRYN HAEUPTLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:20-cv-00284 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| ANDREW M. SAUL, Commissioner Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] are a Report and Recommendation of the Magistrate Judge (Doc. No. 27, "R&R") and Plaintiff's "Objections to the Magistrate's Report and Recommendation" (Doc. No. 28, "Objections").[2] Defendant responded to Plaintiff's Objections (Doc. No. 29, "Response"). Plaintiff did not reply.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific

---

[1] Generally, references herein to "the Court" are references to the undersigned district judge, as opposed to the Magistrate Judge who issued the R&R to which Plaintiff has lodged Objections.

[2] The title of this document suggests that Plaintiff has multiple objections to the R&R, but as noted below, the Court discerns in essence only a single objection.

1

portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[3]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. For the reasons set forth below, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

## **BACKGROUND**

The facts are aptly set forth in the R&R and need not be repeated here in full.[4]

Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income on June 25, 2018. (Doc. No. 17 at 330, 333).[5] Plaintiff asserted that she was unable to work as of March 8, 2018, because of systematic disease, brain trauma, seizures, knee problems, depression, anxiety, and panic attacks. (*Id.* at 331). Plaintiff's claim was denied both initially and upon reconsideration. (*Id.* at 232). Plaintiff requested a hearing before an administrative law judge

---

[3] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a). Plaintiff did not file her objections and a memorandum of law in support separately, and instead filed one document in response to the R&R. This document appears to contain one objection, though Plaintiff did not enumerate or clearly label the objection.

[4] Prior to filing the disability insurance benefits ("DIB") application at issue in the present case, Plaintiff had filed applications for DIB and supplemental security income on July 15, 2015 and August 11, 2015, respectively. (Doc. No. 17 at 296). Plaintiff asserted that she was unable to work as of January 1, 2014 because of depression and generalized anxiety disorder. (*Id.* at 300). After a hearing before an administrative law judge ("ALJ"), the ALJ issued a "partially favorable" judgment in which he concluded that Plaintiff was disabled from January 1, 2014 through August 1, 2015—and therefore entitled to benefits during that time—but that Plaintiff's disability ended on August 2, 2015. (*Id.* at 292, 296-307).

[5] The Court herein uses the electronic filing system's pagination when citing to the Administrative Record in this case.

("ALJ"), and Plaintiff appeared with counsel and testified at a hearing on September 16, 2019. (*Id.*). The Magistrate Judge recounted the relevant enumerated findings of the ALJ in the R&R. (Doc. No. 27 at 3). When a claimant alleges that she suffers from disabling symptoms, the ALJ has a duty pursuant to Social Security Ruling ("SSR") 16-3p to consider the claimant's "statements regarding the intensity, persistence, and limiting effects of [the] symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304, at *6 (Oct. 25, 2017).[6] Here, the ALJ considered Plaintiff's physical examinations, medical records, and physician assessments to determine that Plaintiff's symptoms were not as severe as she claimed and did not fully eliminate her ability to do work-related activities. (Doc. No. 17 at 236-41). Thus, the ALJ denied Plaintiff's claim, and the Appeals Council subsequently denied Plaintiff's request for review. (*Id.* at 5-8, 229-31). This action was then filed with the present Court to appeal Defendant's decision.

The pending R&R sets forth (and explains the basis for) the Magistrate Judge's recommendation that Plaintiff's motion for judgment on the administrative record (Doc. No. 17) be denied. (Doc. No. 27).

---

[6] SSR 16-3p rescinded and superseded SSR 96-7p, which required an ALJ to make a "credibility" determination based on a claimant's statements about the limiting effects of her alleged symptoms. 1996 WL 374186, at *1 (July 2, 1996). The updated SSR 16-3p "eliminat[es] the use of the term 'credibility' from [the Commissioner's] sub-regulatory policy" in order to clarify that an ALJ's "subjective symptom evaluation is not an examination of the claimant's character." 2017 WL 5180304, at *6 (Oct. 25, 2017). Although this updated SSR entails that ALJs are not supposed to use the word "credibility," the Court uses it herein to reference the particular finding of the ALJ, as the parties, R&R, and case law still retain the use of this term, and apparently there has been no change in the relevant analysis (and instead just a change in the term to be used by the ALJ). (Doc. No. 27 at 8 n.3). The Court does not use the term as part of some (non-existent) attempt to opine on Plaintiff's character.

3

## **STANDARD OF REVIEW**

The critical questions before a district court in reviewing a decision by an ALJ are whether the ALJ's determination was supported by substantial evidence and whether the ALJ applied the correct legal standards. *Shelton v. Saul*, No. 2:18-cv-00093, 2020 WL 1284628, at *2 (M.D. Tenn. Mar. 18, 2020) (citing 42 U.S.C. § 405(g)). The court conducts its review under a "highly deferential," substantial-evidence standard. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 838 (M.D. Tenn. 2019). The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek*, 139 S. Ct. at 1154. And, whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. *Id.* Substantial evidence is "more than a mere scintilla" and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*; *Shelton*, 2020 WL 1284628, at *2; *see also Rottman v. Comm'r of Soc. Sec.*, No. 19-2205, slip op. at 3 (6th Cir. June 19, 2020). The standard, by all accounts, amounts to "less than a preponderance of the evidence," and is met even if the record could reasonably support the opposite conclusion. *Brown v. Comm'r of Soc. Sec.*, 814 F. App'x 92, 95 (6th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Jones*, 392 F. Supp. 3d at 838 (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). Additionally, even if the ALJ makes a factual error while reaching her conclusion, the reviewing court will deem the

error harmless and uphold the ALJ's decision "[s]o long as there remains substantial evidence supporting the ALJ's conclusions" and the error does not negate the validity of the ALJ's ultimate conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).[7]

## **ANALYSIS**

Plaintiff essentially makes a single objection, which challenges one aspect of the Magistrate Judge's resolution of one of the arguments advanced in Plaintiff's memorandum in support of Plaintiff's motion for judgment on the record (Doc. No. 20, "Plaintiff's Memorandum below").[8] (Doc. No. 20; Doc. No. 28 at 1). The gist of that argument is that the ALJ abused her discretion when (according to Plaintiff) she concluded that Plaintiff was abusing drugs. (Doc. No.

---

[7] Plaintiff claims that the present case falls between the standards of review applied in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) and *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709 (6th Cir. 2012). The Court does not agree because, as will be discussed later in this footnote, the standard of review applied in *Ulman* governs and not, as Plaintiff claims, something in between *Ulman* and *Wilson*. In *Wilson*, the Court reversed the Commissioner of Social Security's decision because the ALJ failed to follow regulations when he did not "give good reasons" for not giving weight to a treating physician's opinion. 378 F.3d at 544. This failure to abide by the regulations did not constitute harmless error, and therefore, the reversal was appropriate. *Id.* at 546. The *Wilson* standard does not apply to the present case because Plaintiff's objection is not that the ALJ failed to follow the Commissioner's regulations. Plaintiff argues that it was a clear legal error, "procedural in nature," for the ALJ to allegedly conclude that she was abusing drugs. (Doc. No. 28 at 3). However, *Ulman* says that if the ALJ cited substantial, legitimate evidence to support her conclusions, the Court is not to second-guess the ALJ's determination. 693 F.3d at 714 (holding that the substantial evidence standard applies to credibility determinations in the social security disability context). It is Plaintiff's burden to prove her entitlement to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). While Plaintiff argues that the ALJ's alleged factual error, *i.e.*, that Plaintiff was abusing drugs, affected the ALJ's entire credibility determination, Plaintiff has not shown that this is the case. (Doc. No. 28 at 3). As will be discussed, the ALJ relied on other objective evidence—separate from her alleged determination that Plaintiff was abusing drugs—to support her conclusion that Plaintiff's symptoms were not as severe or limiting as she claimed. (Doc. No. 17 at 235-242). Therefore, the Court will apply the substantial evidence standard as it was applied in *Ulman*.

[8] The other arguments asserted in Plaintiff's Memorandum below were not raised in support of, or addressed at all, in her Objections, and so the Court will not address those arguments.

28 at 1). The ALJ pointed to documents in the record that (according to the ALJ) constituted evidence of substance abuse—including a urine drug screen that tested positive for cannabinoids, benzodiazepines, and tricyclics. (Doc. No. 17 at 240). In Plaintiff's Memorandum below, Plaintiff claimed that the ALJ abused her discretion when (according to Plaintiff) she concluded (erroneously, according to Plaintiff) that drug abuse was a driving factor behind Plaintiff's mental health problems. (Doc. No. 20 at 4). The problem with the ALJ's approach, according to Plaintiff, was twofold: (i) the evidence on balance shows that Plaintiff is not abusing (and has not abused) drugs; and (ii) the ALJ's (supposedly incorrect) conviction that Plaintiff was abusing drugs caused her to "miss the big picture," *i.e.*, that Plaintiff's psychiatric problems result not from drug abuse but from her "inability to regulate her emotions." (*Id.* at 4-9).

Responding to this argument, Defendant asserted that the ALJ in fact did not make a finding that there was drug abuse (or alcoholism, for that matter). (Doc. No. 25 at 13). Defendant argued that, instead, the ALJ discussed evidence showing (or, to put it perhaps more precisely, *tending to show*) drug abuse merely as part of her discussion of the evidence as a whole and that this was perfectly proper for her to do. (*Id.* at 11).

Faced with these competing positions, the Magistrate Judge did not expressly opine as to whether the ALJ actually found any substance abuse on the part of Plaintiff.[9] Nor did she expressly opine as to whether such a finding would have been erroneous. Instead, apparently taking no firm position on whether such a finding was made, or whether such finding would have been

---

[9] Herein, the Court likewise will not opine on this question, although it notes that it tends to think that Defendant has the better of this argument, *i.e.*, that the ALJ did not make a finding that there was substance abuse.

6

inaccurate,[10] the Magistrate Judge concluded that "to the extent that the ALJ inaccurately described Plaintiff as suffering from 'substance abuse,' that error is harmless and does not negate the substantial evidence cited by the ALJ to support her (the ALJ's) credibility finding" as to Plaintiff's testimony regarding the severity of her (Plaintiff's) symptoms. (Doc. No. 27 at 14).

Plaintiff's sole objection is aimed at this particular conclusion of the Magistrate Judge. According to her, the Magistrate Judge erred in finding that this (alleged) error on the part of the ALJ was harmless. (Doc. No. 28 at 1; Doc. No. 27 at 14). Plaintiff claims that the circumstance she claims was erroneously found by the ALJ (substance abuse) was not just one factor among many related to Plaintiff's credibility, but rather was one that "colored the lens" with which the ALJ cited and weighed (and interpreted) the evidence. (Doc. No. 28 at 1). Plaintiff argues in essence that if (as she claims) the "lens" was erroneously colored, then it erroneously affected the outcome before the ALJ and thus is not harmless error.

Notably, Plaintiff appears to assume that the Magistrate Judge in fact concluded that the ALJ erroneously found that Plaintiff was abusing drugs. (Doc. No. 28 at 1). As indicated above, this is an unwarranted assumption. But for present purposes, the Court will assume *arguendo* that the ALJ did err in this regard and then determine whether, as Plaintiff contends, the Magistrate Judge erred in concluding that any such error was harmless.[11]

---

[10] If any such error was harmless, as the Magistrate Judge found (and the Court finds herein), then the Magistrate Judge was correct in her implication that she need not decide whether the ALJ made a finding of substance abuse that was erroneous.

[11] Since the Court finds, as did the Magistrate Judge, that the alleged error was harmless (or, to put it more precisely, *would have been* harmless if in fact it occurred), the Court need not determine whether this assumption ultimately was warranted, *i.e.*, whether the ALJ actually erred as Plaintiff claims. But it is worth noting that if the Court had found that such an error would not have been harmless, it likely would have remanded to the Magistrate Judge to determine whether such error actually occurred.

Generally, an ALJ's credibility determination (in this case, determining whether Plaintiff's symptoms were as intense, persistent, and limiting as she claimed) is entitled to considerable deference and will be upheld if the ALJ's finding is "reasonable and supported by substantial evidence." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007); *see Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016) (stating that "in practice ALJ credibility findings have become essentially unchallengeable") (internal citation and quotations omitted). Plaintiff contends that "[t]he evidence in this case is subject to two interpretations." (Doc. No. 28 at 1). However, it is not the job of the Court to decide whether there was evidence weighing in favor of Plaintiff's position. *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 400 (6th Cir. 2018). Instead, the Court must decide whether there was substantial evidence to support the ALJ's decision. *Id.*; *Jones*, 392 F. Supp. 3d at 838. And if there was, then the Court cannot reverse the ALJ on the grounds that there was evidence to support Plaintiff's position. *Mokbel-Aljahmi*, 732 F. App'x at 400; *Jones*, 392 F. Supp. 3d at 838.

Contrary to Plaintiff's Objections, the ALJ's finding that Plaintiff's credibility was damaged was based on several factors, with no one factor being determinative. An ALJ may discount a claimant's credibility when the ALJ finds contradictions among the medical records, claimant's testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)); *see Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 639 (6th Cir. 2016) (finding that the ALJ discounted the plaintiff's credibility because, among other things, the plaintiff provided inconsistent information and received only routine and/or conservative treatment for the allegedly disabling impairments). Here, the ALJ found Plaintiff's self-assessment of disability only partially credible because, while Plaintiff's medical impairments could reasonably be expected to cause the alleged

symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not consistent with the medical evidence in the record. (Doc. No. 17 at 238). Specifically, Plaintiff complained her pain was "constant, sharp, aching, throbbing, burning, tingling, numb, and radiating, 9/10 in severity (with medications) . . ." (*Id.*). However, the record included magnetic resonance imaging (MRI) findings that showed the severity appeared to be no more than mild. (*Id.*). Additionally, the ALJ found that Plaintiff's decision to stop taking prescribed medication during an approximate five-month period from October 2018 to February 2019 undermined her credibility. (*Id.* at 240)*; see Robertson v. Colvin*, No. 4:14-cv-35, 2015 WL 5022145, at *6 (E.D. Tenn. Aug. 24, 2015) ("An ALJ may consider noncompliance with treatment as a credibility factor.").

The ALJ also found that the administrative record did not demonstrate that Plaintiff had "ongoing objective clinical manifestations of a significant mental pathology." (*Id.* at 239). The ALJ recounted numerous record entries regarding Plaintiff's memory, attention span, and communication ability that suggested Plaintiff was functional, stable, and cogent. (*Id.*). And although Plaintiff described herself as a "poorly controlled emotional rollercoaster," (Doc. No. 20 at 6), the ALJ noted office visits during which clinicians described Plaintiff's mood as "relatively euthymic." (Doc. No. 17 at 239). The ALJ's reliance on these specific records was separate from her alleged erroneous conclusion that Plaintiff was abusing drugs and ultimately supported her credibility determination. *See Ulman* 693 F.3d at 714 (affirming credibility findings where the ALJ "carefully parses all of the medical records and accords them fair weight"). Therefore, while the ALJ allegedly incorrectly concluded that Plaintiff was abusing drugs, she cited various other reasons and evidence for discounting the credibility of Plaintiff's self-assessment of disability. (Doc. No. 17 at 235-42).

In short, Plaintiff's objection is flawed because it is based on the unsound premise that the ALJ's alleged (and allegedly false) view that Plaintiff was engaging in substance abuse was of outsized importance to the ALJ in making a credibility determination as to Plaintiff and in weighing and interpreting the evidence. Contrary to that premise, in deciding Plaintiff's claim, the ALJ considered—and discussed in her written opinion (Doc. No. 17 at 232-43)—evidence relating to factors and circumstances beyond merely alleged substance abuse, and nothing in the record reflects that she would have come out differently had she not made the alleged erroneous finding of substance abuse. Moreover, substantial evidence supports the ALJ's decision in this matter, and the *evidence* would not change even if this Court were to agree that *an alleged erroneous conclusion drawn from such evidence* was in fact drawn and was in fact erroneous.

## **CONCLUSION**

For the reasons discussed herein, Plaintiff's objection is overruled, and the Court adopts the Magistrate Judge's Report and Recommendation. (Doc. No. 27). Accordingly, the Motion for Judgment on the Administrative Record is **DENIED** and this case is dismissed with prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE